UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Bill Gettman, | 2:15-cv-690-JAD-PAL |
| Plaintiff | |
| vs. | **Order Directing Parties to File Joint Pretrial Order** |
| Wal-Mart Stores, Inc., dba Wal-Mart Supercenter 2050, | |
| Defendant | |

Local Rule 16-3 requires all parties to "personally discuss settlement and prepare and lodge with the Court a proposed joint pretrial order."[1] The joint pretrial order in this case was due December 14, 2015.[2] Plaintiff timely filed his own pretrial order and represents that counsel for defendant notified him that she could not get a joint pretrial order approved in time for the December 14, 2015, deadline because "she was preparing for mediation, and was busy."[3]

This is unacceptable.

IT IS HEREBY ORDERED that **the parties must submit a JOINT pretrial order that complies with Local Rule 16-3 by December 22, 2015.** Counsel for defendant must take the initiative to complete this process, and the parties are reminded that they must "personally discuss settlement" before filing the joint pretrial order.

The parties are also notified that the process for preparing and filing motions in limine will be governed by the following additional rules and considerations:

- **Before any motion in limine is filed, the parties must meet and confer** (by telephone or in person—not merely by email or some other form of writing) about the substance of each contemplated in-limine issue and attempt to reach an agreement on

---

[1] L.R. 16-3(c).

[2] ECF 11.

[3] ECF 22.

the issue.  Evidentiary agreements reached during this process should be memorialized by a written stipulation.  If the parties do not reach an agreement on an issue and a motion in limine remains necessary, **the motion must be accompanied by a declaration or affidavit certifying that counsel actually conferred in good faith** to resolve the issue before the motion was filed (or re-filed).  The failure to include the certificate of counsel will result in the automatic denial of the motion without the opportunity to cure this deficiency.

- Motions in limine must address only true evidentiary issues and not be belated motions for dispositive rulings disguised as a motion in limine.

- Parties **must include all in-limine issues in a SINGLE, omnibus motion** that numbers each issue consecutively; no party may file multiple, separate motions.  This format eliminates the need for redundant recitations of facts and introductory statements of the law.  If the size of the omnibus motion exceeds the page limit in the local rule, *see* L.R. 7-4, a separate motion to exceed the page limits should be filed contemporaneously with the omnibus motion; the motion to exceed page limits must **not** be styled as an "emergency."

- If it becomes necessary to seek leave to file a reply in support of the motions, *see* L.R. 16-3(b), each side may file only a single request for leave.  The parties should not presume that the court will grant these requests for leave, so proposed orders granting them should not be submitted.

- The parties are cautioned that vague requests based on speculative issues, like requests to generally preclude improper attorney arguments, violations of the golden rule, or irrelevant evidence will be flatly denied.  The court intends to follow the rules of evidence and procedure at trial and expects the parties to do the same.  Motions seeking little more than an order enforcing a rule waste the court's time and the

parties' resources.  Counsel is strongly cautioned that abuse of the motion-in-limine vehicle in this manner may result in sanctions against the attorneys.

Dated this 15th day of December, 2015

_____
Jennifer A. Dorsey
United States District Judge